**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT MERRITT,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 18-CV-2910** |
| | : | |
| **RIMMER, _et al._,** | : | |
| **Defendants.** | : | |

**MEMORANDUM**

SCHMEHL, J.                                                        June 5, 2019

Plaintiff brought this action _pro se_ under 42 U.S.C. §1983, claiming the three

defendant police officers violated five of Plaintiff's constitutional rights during and after a

traffic stop. Plaintiff was granted leave to proceed in forma pauperis and the Complaint

was served on the defendants. Following the filing of the Defendants' motion to dismiss

all counts under Fed. R. Civ. P. 12(b)(6) for failure to state a claim and Plaintiff's motion

for appointment of counsel, the Court denied the motion for appointment of counsel and

directed Plaintiff to file an amended complaint within 14 days addressing the

deficiencies in the Complaint that the Defendants had raised in their motion to dismiss

[ECF 15].The Court also advised Plaintiff that it would grant the defendants' motion to

dismiss Plaintiff's original Complaint if Plaintiff did not file an amended complaint [Id.].

Plaintiff has failed to file an amended complaint and the Court will now consider

Defendant' motion to dismiss. For the reasons that follow, the motion is granted.

According to the Plaintiff's Complaint, on May 20, 2018, he was operating a

motor vehicle in the City of Bethlehem in which his common law wife was the only

passenger. Plaintiff claims he was stopped by Defendant Bethlehem City Police Officers Corsi and Rimmer for having a cracked driver's side mirror. Plaintiff claims he should not have been pulled over because he also had a second, larger side mirror attached to the cracked mirror. He further claims that the Defendants stopped his vehicle and "infringed on his tight to travel freely" despite not having a warrant.

Plaintiff further alleges that during the stop, he was "intimidated" by Defendants Corsi and Rimmer into not protesting the officers' actions. Plaintiff alleges that during the stop, Defendant Rimmer removed Plaintiff''s identification card from his wallet that located in his front pocket and, while doing so, fondled Plaintiff's private parts.

The Complaint next alleges that Defendants Corsi and Rimmer proceeded to have Plaintiff's vehicle towed from a privately-owned church parking lot, despite his belief that he had a right to park it there. Plaintiff and his common law wife were then permitted to leave the area on foot. After their initial contact with Bethlehem Police, Plaintiff and his common law wife walked to the local Magisterial District Court. Plaintiff alleges that Defendants Rimmer, Corsi, and Schnalzer followed him to that Court where Defendants then warned him that he must leave, or he would be put in jail.

Plaintiff has asserted violations of his First Amendment right to free speech (Count One), his Fourth Amendment right to be free from an illegal search and "precedure," (Count Two), his Fifth Amendment right to due process for the taking of his personal property (Count Three), his Eighth Amendment right to be free from cruel and unusual punishment (Count Four) and his Thirteenth Amendment right to be free from slavery and involuntary servitude (Count Five).

2

## STANDARD OF REVIEW

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The Court is required to liberally construe a *pro se* litigant's pleadings. See *Higgs v. AG of the United States*, 655 F.3d 333, 339 (3d Cir. 2011). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor*, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

**DISCUSSION**

Plaintiff asserts that the Defendants denied him his right to free speech under the First Amendment. Plaintiff alleges only that he felt intimidated by the Defendants from protesting the vehicle stop for having crack in the driver's side mirror. However, Plaintiff fails to allege any specific actions or statements by any of the Defendants that would have reasonably caused the silencing of his constitutionally protected speech or ideas. For example, Plaintiff makes no allegation that any Defendant warned him to stop speaking, to move to another area, or took any other action that prevented him from speaking. He asserts no facts that could plausibly be construed as a violation of his First Amendment rights to free speech and, therefore, his claim for First Amendment violation will be dismissed.

Plaintiff next alleges that Defendants violated his Fourth Amendment rights by prohibiting him from traveling freely and subjecting him to an illegal detention. Where a police officer observes a violation of state traffic law, he may lawfully stop the vehicle and exercise superintendence over it and its passengers. *United States v. Bonner*, 363 F.3d 213, 216 (3d Cir. 2004) (citing *Pennsylvania v. Mimms*, 434 U.S. 106, 109 (1977)). Without any further particularized suspicion, the police officer may also order the driver out of the vehicle. *Pennsylvania v. Mimms*, 434 U.S. at 110-11; see also *Bonner*, 363 F.3d at 213. Passengers may be ordered out of the vehicle as well. *Maryland v. Wilson*, 519 U.S. 408; see also *Bonner*, 363 F.3d at 213.

Here, Plaintiff admits in his Complaint admits that the vehicle he was operating had a cracked side mirror. Driving with a cracked side mirror is a violation of

Pennsylvania's Motor Vehicle Code under the Equipment Standards and Unlawful Activities sections. 75 Pa.C.S. § 4107(b)(2). Doing so is also a safety issue. Therefore, the Defendants had a reasonable suspicion that there was a violation of the motor vehicle code because of the cracked side mirror and had the right to stop and investigate. The Defendants also acted within the scope of Plaintiff's constitutional rights when they apparently ordered Plaintiff and his common law wife out of the vehicle because they did not need any further suspicion to do so. As such, Plaintiff's initial detention by way of a traffic stop was appropriate under the Fourth Amendment. Plaintiff makes no other allegations regarding the stop. He does not allege that he was detained for an unreasonable time. He does not allege that he was subject to unreasonable conditions of detention. Nor does he allege that he was subjected to any unreasonable searches, other than to retrieve his identification. He does not allege his vehicle was searched at all. For these reasons, Plaintiff's Fourth Amendment claim fails and will be dismissed.

In Count III of the Complaint, Plaintiff asserts he was deprived of property without due process in violation of the Fifth Amendment.[1] Although Plaintiff does not allege the property he was deprived of, the Court assumes Plaintiff is referring to the motor vehicle and the fact that it was towed. However, Plaintiff does not allege the reasons the defendants gave him for towing his vehicle or in what manner he was deprived of due process. Accordingly, this claim will be dismissed.

---

[1] Since defendants are state police officers and not federal officials, the Fifth Amendment is not applicable to them. Accordingly, the Court will construe this claim under the Fourteenth Amendment.

5

In Count IV, Plaintiff alleges that the Defendants violated his Eighth Amendment rights to be free from cruel and unusual punishment. It is well-settled that the Eighth Amendment does not provide protection to individuals who have not yet been convicted or sentenced. Whitley v. Albers, 475 U.S. 312, 318, (1986). Plaintiff does not allege that at any point he was a convicted and sentenced prisoner during the incident in question. Plaintiff's Eighth Amendment claim must be dismissed as Plaintiff fails to state a claim as a matter of law.

Finally, Plaintiff alleges that his Thirteenth Amendment rights were violated when he was told to leave the local courthouse. The Thirteenth Amendment prohibits slavery and involuntary service within the United States. See, USCS Const. Amend. 13. Plaintiff makes absolutely no allegations that he was enslaved or forced into servitude. As a result, Plaintiff's final claim must be dismissed as a matter of law.

The Court has already given Plaintiff an opportunity to amend his complaint and Plaintiff elected not to do so. Although he has filed a request for appointment of counsel, the Court finds that there is no need for the appointment of counsel based on the allegations made in this matter.

For the foregoing reasons, the defendants' motion to dismiss is granted and the Complaint is dismissed with prejudice.